Johnson, Ch.
The assumption that the act of 1821, (pu 9,) was intended to provide only for the case when the Master or Commissioner of the Court should be appointed receiver, is the only foundation of this appeal. But the object of the Act is so clearly expressed, and the terms are so broad, that no argument can more fully illustrate that it was intended to embrace all receivers appointed by the Court.
The difficulty of procuring fit persons to take the care and management of funds, the custody of which devolved on the Court, often led to the appointment of the Master or Commissioner as receiver; and, as in these cases the service was rather forced on them than sought for, no security was required. The occasional insolvency of those officers, and the consequent loss to the parties, was obviously the foundation of some of the provisions of the Act referred to. Before that time no compensation for receiving had been provided by law, and the Court had been driven to resort, by analogy, to the compensation allowed by law to executors, administrators and trustees, to make them compensation ; and the object of the Act was, unquestionably, to provide for those evils.
The first clause of the Act provides, therefore, that if the Master or Commissioner in Equity shall be appointed receiver by the Court, and shall accept the appointment, he shall execute a bond to the Judges, for the faithful discharge of his duties: and the second clause provides “That every receiver hereafter appointed by the said Court, shall be entitled to receive and retain for his trouble as receiver, in preserving and managing all property whatsoever committed to him, and in receiving, investing and paying over all monies, bonds, notes, accounts, and choses in action, and for all duties whatsoever, as receiver, the sum of two per centum upon the amount he may receive in money, from the collection of bonds, notes, accounts and choses in action ; and one-per centum on the good and valuable choses in action not collected by him, and the *161 ■'same on the real value of every other kind of property preserved and managed by him, and no more?’
Now the terms “ every receiver hereafter appointed by the Court,” cannot, by any reasonable or plausible construction, be limited to the Master and Commissioner of the Court, .and when it is recollected that the same necessity existed for providing a compensation for all others that might be appointed receivers, it cannot be supposed that it was intended to provide for them only. If it were otherwise, and the amount of the compensation was discretionary with the Court, the services being-in all respects the same, the Act would furnish an mniform, certain and safe rule.
It is therefore ordered that the appeal be dismissed.
The whole Court concurred.